**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH A. PARKER, *et al.*, | ) | CASE NO. 5:26-cv-01796 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WELLS FARGO BANK, *et al.*, | ) | |
| | ) | **(Resolving Docs. 2 and 3)** |
| Defendants. | ) | |

*Pro se* Plaintiff Deborah A. Parker filed this action on behalf of herself, Special Care Facilities, Inc., and the Estate of Thomas M. Parker, Jr. against two financial institutions, two individuals, six judges, two state agencies, one state official, three hospitals, and two physicians. Her Complaint is rambling and, despite a close reading of it, remains indecipherable.

The body of the Complaint states in its entirety:

> [unintelligible] Office & Equal Opportunity (FHEO) claim number 832113 Deborah A. Parker vs Wells Fargo Bank, Ohio Civil Right Commission Curtis Clark and Wells Fargo Bank Case No. AKRH3(007166)0512 [unintelligible] and United States Department of Justice Civil Rights Division Case No. 644177-PPQ against Curtis Clark fraud of property located at 3423 Dueben Avenue S.W, Canton, Ohio Complaint against Curtis Clark, Judge Charles Fleming. Magistrate Jonathan Greenberg and Magistrate Jennifer Armstrong attacking Plaintiff Deborah Parker disability and hospitalization on January 20, 2026, Additional Complaint against Rocket Mortgage with United States Housing and Ohio Civil Rights

> Commission on July 10, 2026, death certificate attached of Thomas M. Parker, Jr.

(Doc. 1, PageID #4-5) The Complaint asserts no legal claims and does not include any request for relief.

With the filing of the Complaint, Plaintiff filed an Application to Proceed *In Forma Pauperis*. (Doc. 2) The Court finds that Plaintiff makes her request in good faith, and therefore grants her application.

Shortly after having filed the Complaint, Plaintiff asked that the Court recuse itself from this matter. (Doc. 3) Plaintiff argues that she had three other cases before the Court, and felt intimidated during settlement discussions in one of the cases. Even when broadly interpreted, however, Plaintiff has not provided sufficient grounds for recusal. As part of her second motion, Plaintiff also appears to ask for more time to "complete" the Complaint. Her concern, however, seems to revolve around the failure to paginate her filing and the omission of the word "complaint" on her motion for IFP status—items the Court is prepared to overlook in considering the Complaint as filed. Accordingly, the Court denies Plaintiff's motion for recusal.

Like the Complaint before the Court, *pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court "shall dismiss the case" pursuant to the authority under 28 U.S.C. § 1915(e) if the Complaint fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*,

99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing the Complaint here, the Court must construe it in a light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, has the discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar presents just such a complaint.

Fed. R. Civ. P. 8(a) requires in part that Plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief

sought." To meet these minimum notice pleading requirements of Fed. R. Civ. P. 8, the Complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

The Complaint does not contain a coherent statement of facts, lacks any suggestion of the legal claims Plaintiff seeks to assert, and does not indicate the relief she is requesting. It also fails to state a claim on which relief may be granted. In sum, even when it is liberally construed, the Complaint fails to meet the minimum pleading requirements of Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 678.

* * * * * *

Accordingly, for the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED, and Plaintiff's motion to recuse and for an extension (Doc. 3) is DENIED. Furthermore, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 17, 2026

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE